Richard A. Kaplan
Brenden P. Hoffman
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
Telephone: 801-359-1900
Email: rkaplan@yahlaw.com
        brendenhoffman@yahlaw.com
*Attorneys for Mario Ferreira*

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF UTAH

---

| | |
|---|---|
| BARCLAY BUTERA DEVELOPMENT, INC.; BARCLAY BUTERA, <br><br> Plaintiffs, <br><br> vs. <br><br> THE ANNEX, LLC, d/b/a Helm Home; MARIO FERREIRA; , <br><br> Defendants. | **DEFENDANT MARIO FERREIRA'S ANSWER TO COMPLAINT AND COUNTERCLAIM** <br><br> Civil No. 2:23-CV-00633-HCN-JCB <br><br> Judge Howard C. Nielson, Jr. |

Defendant Mario Ferreira ("Ferreira"), by and through counsel, Richard A. Kaplan and Brenden P. Hoffman of YOUNG HOFFMAN, LLC, answers the allegations set forth in the Complaint served by Plaintiffs Barclay Butera Development, Inc. ("BBD"), and Barclay Butera ("Butera") as follows:

1.      Paragraph 1 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, this paragraph purports to recite a written document, which speaks for itself, and Ferreira denies any allegation or implication inconsistent with the document in the context of relevant part, its entirety, or other relevant documents.

2. In response to paragraph 2 of the Complaint, Ferreira admits to being terminated by Barclay Butera, Inc. ("BBI"), on or about October 27, 2022, and denies the remainder of the allegations contained in this paragraph.

3. Paragraph 3 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

4. Ferreira is without sufficient knowledge and information to determine the truth of the allegations contained in paragraph 4 of the Complaint, and, therefore, those allegations are denied.

5. Ferreira is without sufficient knowledge and information to determine the truth of the allegations contained in paragraph 5 of the Complaint, and, therefore, those allegations are denied.

6. Ferreira is without sufficient knowledge and information to determine the truth of the allegations contained in paragraph 6 of the Complaint, and, therefore, those allegations are denied.

7. Ferreira is without sufficient knowledge and information to determine the truth of the allegations contained in paragraph 7 of the Complaint, and, therefore, those allegations are denied.

8. Ferreira admits the allegations contained in paragraph 8 of the Complaint.

9. Ferreira admits the allegations contained in paragraph 9 of the Complaint.

10. Ferreira admits the allegations contained in paragraph 10 of the Complaint.

11. Ferreira denies the allegations contained in paragraph 11 of the Complaint.

12.     Ferreira denies the allegations contained in paragraph 12 of the Complaint.

13.     In response to paragraph 13 of the Complaint, Ferreira admits that BBI operates offices in California and Utah and has been in existence for more than twenty years, but Ferreira is without sufficient knowledge and information to determine the truth of the remainder of the allegations contained in paragraph 13 of the Complaint, and therefore those allegations are denied.

14.     Ferreira is without sufficient knowledge and information to determine the truth of the allegations contained in paragraph 14 of the Complaint, and, therefore, those allegations are denied.

15.     In response to paragraph 15 of the Complaint, Ferreira admits that BBI maintains collaborations with brands such as Tommy Bahama and Lexington Homes and denies the remainder of allegations contained in this paragraph.

16.     Ferreira is without sufficient knowledge and information to determine the truth of the allegations contained in paragraph 16 of the Complaint, and, therefore, those allegations are denied.

17.     Paragraph 17 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, this paragraph purports to recite a written document, which speaks for itself, and Ferreira denies any allegation or implication inconsistent with the document in the context of relevant part, its entirety, or other relevant documents.

18.     In response to paragraph 18 of the Complaint, Ferreira admits that he worked at BBI for over fifteen years and managed the Park City location, and denies the remainder of allegations contained in this paragraph.

19.     In response to paragraph 19 of the Complaint, Ferreira admits that he had a BBI email account. The remainder of this paragraph purports to recite a written document, Employment Agreement, which speaks for itself, and Ferreira denies any information inconsistent with the document in the context of relevant part, its entirety, relevant documents, or that he had access to any proprietary information, trade secrets, design programs, "computer systems," or "communication platforms."

20.     Ferreira admits the allegations contained in paragraph 20 of the Complaint.

21.     In response to paragraph 21 of the Complaint, Ferreira admits to establishing a connection with Helm Home and denies the remainder of allegations contained in this paragraph.

22.     In response to paragraph 22 of the Complaint, Ferreira admits to working with Helm Home during his time of employment with BBI and denies the remainder of allegations contained in this paragraph.

23.     In response to paragraph 23 of the Complaint, Ferreira admits to assisting Helm Home with staging proposals and denies the remainder of allegations contained in this paragraph.

24.     Ferreira denies the allegations contained in paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint purports to recite a written document, which speaks for itself, and Ferreira denies any allegation or implication inconsistent with the document in the context of relevant part, its entirety, or other relevant documents, and denies the remainder of allegations contained in this paragraph.

26.     In response to paragraph 26 of the Complaint, Ferreira admits that Helm Home paid him directly and denies the remainder of allegations contained in this paragraph.

27.     Paragraph 27 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

28.     Ferreira admits the allegations contained in paragraph 28 of the Complaint.

29.     In response to paragraph 29 of the Complaint, Ferreira admits only that BBI paid approximately $6,450 and denies the remainder of allegations contained in this paragraph.

30.     Paragraph 30 of the Complaint purports to recite a written document, which speaks for itself, and Ferreira denies any allegation or implication inconsistent with the document in the context of relevant part, its entirety, or other relevant documents.

31.     Paragraph 31 of the Complaint purports to recite a written document, which speaks for itself, and Ferreira admits to applying in his name and his partner DiCola and denies any other allegation or implication inconsistent with the document in the context of relevant part, its entirety, or other relevant documents.

32.     Ferreira denies the allegations contained in paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint purports to recite a written document, which speaks for itself, and Ferreira denies any allegation or implication inconsistent with the document in the context of relevant part, its entirety, or other relevant documents.

34.     Paragraph 34 of the Complaint purports to recite a written document, which speaks for itself, and Ferreira denies any allegation or implication inconsistent with the document in the context of relevant part, its entirety, or other relevant documents.

35.     Paragraph 35 of the Complaint purports to recite a written document, which speaks for itself, and Ferreira denies any allegation or implication inconsistent with the document in the context of relevant part, its entirety, or other relevant documents.

36.     In response to paragraph 36 of the Complaint, Ferreira incorporates and realleges all its answers from paragraph 1 through paragraph 35 as fully as if set forth herein.

37.     Paragraph 37 of the Complaint purports to recite a written document, which speaks for itself, and Ferreira denies any allegation or implication inconsistent with the document in the context of relevant part, its entirety, or other relevant documents. Furthermore, this paragraph purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira is without sufficient knowledge and information to determine the truth of the allegations contained in this paragraph, and, therefore, those allegations are denied.

38.     Paragraph 38 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

39.     Ferreira denies the allegations contained in paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

41.     Ferreira denies the allegations contained in paragraph 41 of the Complaint.

42.     Ferreira denies the allegations contained in paragraph 42 of the Complaint.

43.     Ferreira denies the allegations contained in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

45. Paragraph 45 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

46. Paragraph 46 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is required, Ferreira is without sufficient knowledge and information to determine the truth of the allegations contained in this paragraph, and, therefore, those allegations are denied.

47. Paragraph 47 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

48. Paragraph 48 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

49. Paragraph 49 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

50. Paragraph 50 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

51.     Paragraph 51 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

52.     Paragraph 52 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

53.     In response to paragraph 53 of the Complaint, Ferreira incorporates and realleges all its answers from paragraph 1 through paragraph 52 as fully as if set forth herein.

54.     Paragraph 54 of the Complaint purports to recite a written document, which speaks for itself, and Ferreira denies any allegation or implication inconsistent with the document in the context of relevant part, its entirety, or other relevant documents.

55.     Ferreira denies the allegations contained in paragraph 55 of the Complaint.

56.     Ferreira denies the allegations contained in paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

58.     Ferreira denies the allegations contained in paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

60.     Ferreira denies the allegations contained in paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is required, Ferreira is without sufficient knowledge and information to determine the truth of the allegations contained in this paragraph, and, therefore, those allegations are denied.

62.     Paragraph 62 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

63.     Paragraph 63 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

64.     Paragraph 64 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

65.     Ferreira denies the allegations contained in paragraph 65 of the Complaint.

66.     Ferreira denies the allegations contained in paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

68.     In response to paragraph 68 of the Complaint, Ferreira incorporates and realleges all its answers from paragraph 1 through paragraph 67 as fully as if set forth herein.

69.     Paragraph 69 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

70.     Ferreira denies the allegations contained in paragraph 70 of the Complaint.

71.     Ferreira denies the allegations contained in paragraph 71 of the Complaint.

72.     Ferreira denies the allegations contained in paragraph 72 of the Complaint.

73.     Ferreira denies the allegations contained in paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

75.     Ferreira denies the allegations contained in paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

77.     In response to paragraph 77 of the Complaint, Ferreira incorporates and realleges all its answers from paragraph 1 through paragraph 76 as fully as if set forth herein.

78.     Paragraph 78 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

79.     Paragraph 79 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

80.     Paragraph 80 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is required, Ferreira is without sufficient knowledge and information to determine the truth of the allegations contained in this paragraph, and, therefore, those allegations are denied.

81.     Ferreira denies the allegations contained in paragraph 81 of the Complaint.

82.     Paragraph 82 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

83.     Ferreira denies the allegations contained in paragraph 83 of the Complaint.

84.     Ferreira denies the allegations contained in paragraph 84 of the Complaint.

85.     In response to paragraph 85 of the Complaint, Ferreira incorporates and realleges all its answers from paragraph 1 through paragraph 84 as fully as if set forth herein.

86.     Paragraph 86 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

87.     Paragraph 87 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

88.     Ferreira is without sufficient knowledge and information to determine the truth of the allegations contained in paragraph 88 of the Complaint, and, therefore, those allegations are denied.

89.     Paragraph 89 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

90.     Ferreira denies the allegations contained in paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

92.     Ferreira denies the allegations contained in paragraph 92 of the Complaint.

93.     Paragraph 93 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations. To the extent this paragraph alleges facts or a response is required, Ferreira is without sufficient knowledge and information to determine the truth of the allegations contained in this paragraph, and, therefore, those allegations are denied.

94.     Ferreira denies the allegations contained in paragraph 94 of the Complaint.

95.     In response to paragraph 95 of the Complaint, Ferreira incorporates and realleges all its answers from paragraph 1 through paragraph 94 as fully as if set forth herein.

96.     Paragraph 96 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

97.     Ferreira denies the allegations contained in paragraph 97 of the Complaint.

98.     In response to paragraph 98 of the Complaint, Ferreira admits to being paid directly by Helm Home and that no compensation was shared with BBI, BBD, or Butera, and denies the remainder of allegations contained in this paragraph.

99.     Ferreira denies the allegations contained in paragraph 99 of the Complaint.

100.    Ferreira denies the allegations contained in paragraph 100 of the Complaint.

101.    In response to paragraph 101 of the Complaint, Ferreira incorporates and realleges all its answers from paragraph 1 through paragraph 100 as fully as if set forth herein.

102.    Paragraph 102 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

103.    Paragraph 103 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

104.    Paragraph 104 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

105.    Ferreira denies the allegations contained in paragraph 105 of the Complaint.

106.    In response to paragraph 106 of the Complaint, Ferreira admits to sometimes listing his position as the Barclay Butera Director of Business Development with potential clients and denies the remainder of allegations contained in this paragraph.

107.    Ferreira denies the allegations contained in paragraph 107 of the Complaint.

108.    Ferreira denies the allegations contained in paragraph 108 of the Complaint.

109.     Paragraph 109 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

110.     In response to paragraph 110 of the Complaint, Ferreira incorporates and realleges all its answers from paragraph 1 through paragraph 109 as fully as if set forth herein.

111.     Paragraph 111 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

112.     Ferreira denies the allegations contained in paragraph 112 of the Complaint.

113.     Ferreira denies the allegations contained in paragraph 113 of the Complaint.

114.     Ferreira denies the allegations contained in paragraph 114 of the Complaint.

115.     In response to paragraph 115 of the Complaint, Ferreira admits that Helm Home collaborated with him regarding staging projects and denies the remainder of allegations contained in this paragraph.

116.     Ferreira denies the allegations contained in paragraph 116 of the Complaint.

117.     In response to paragraph 117 of the Complaint, Ferreira admits that Helm Home derived financial gains and received payments for which BBI was not compensated, and denies the remainder of allegations contained in this paragraph.

118.     In response to paragraph 118 of the Complaint, Ferreira admits that Helm Home actively participated in the planning, execution, and completion of staging projects and furniture proposals and that Ferreira provided direct input and assistance, and denies the remainder of allegations contained in this paragraph.

119.    Ferreira denies the allegations contained in paragraph 119 of the Complaint.

120.    Paragraph 120 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

121.    In response to paragraph 121 of the Complaint, Ferreira incorporates and realleges all its answers from paragraph 1 through paragraph 120 as fully as if set forth herein.

122.    Paragraph 122 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

123.    Paragraph 123 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

124.    Paragraph 124 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

125.    Ferreira denies the allegations contained in paragraph 125 of the Complaint.

126.    Ferreira denies the allegations contained in paragraph 126 of the Complaint.

127.    Ferreira denies the allegations contained in paragraph 127 of the Complaint.

128.    Ferreira denies the allegations contained in paragraph 128 of the Complaint.

129.    Ferreira denies the allegations contained in paragraph 129 of the Complaint.

130.    Ferreira denies the allegations contained in paragraph 130 of the Complaint.

131.    Ferreira denies the allegations contained in paragraph 131 of the Complaint.

132.    In response to paragraph 132 of the Complaint, Ferreira incorporates and realleges all its answers from paragraph 1 through paragraph 131 as fully as if set forth herein.

133.    Ferreira denies the allegations contained in paragraph 133 of the Complaint.

134.    Ferreira denies the allegations contained in paragraph 134 of the Complaint.

135.    Ferreira denies the allegations contained in paragraph 135 of the Complaint.

136.    Paragraph 136 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

137.    Paragraph 137 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

138.    Paragraph 138 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

139.    Ferreira denies the allegations contained in paragraph 139 of the Complaint.

140.    Ferreira denies the allegations contained in paragraph 140 of the Complaint.

141.    Paragraph 141 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

142.    Paragraph 142 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

143.    Paragraph 143 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny. To the extent this paragraph alleges facts or a response is otherwise required, Ferreira denies the allegations.

144.    Paragraph 144 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny.

145.    Paragraph 145 of the Complaint purports to recite a statement of law, which Ferreira is not required to admit or deny.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate its damages, if any.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by its own breaches or failures to comply with the provisions of the employment contract with Ferreira.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by its own breaches or failures to comply with the provisions of the employment contract with Ferreira.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' trademark claims are barred because Ferreira had actual and/or implied authority for any alleged use of Plaintiffs' trademark.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part inasmuch as Plaintiffs have not sustained

any damage due to any alleged or actual actions or omissions of Ferreira.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiffs are the proximate result of Plaintiffs' own conduct and/or the conduct of other parties, and not of any conduct of Ferreira.

### EIGHTH AFFIRMATIVE DEFENSE

Ferreira is not liable to Plaintiffs based on unconscionability and violation of public policy.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are subject to offset and/or recoupment.

### TENTH AFFIRMATIVE DEFENSE

Defendant owes no duties to Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiffs' Complaint, Ferreira demands that it be dismissed with prejudice and on the merits, and that he be awarded her legal fees and cost incurred to the extent permitted by law.

### COUNTERCLAIM

### PARTIES, JURISDICTION AND VENUE

1.      Counterclaimant Mario Ferreira ("Ferreira") is an individual residing in Utah.

2.      Counterclaim Defendant BARCLAY BUTERA DEVELOPMENT, INC. ("BBDI") is a California Corporation.

3.      Barclay Butera ("Butera") is an individual residing in California.

4.      Jurisdiction and venue are proper in this Court as Plaintiffs/Counterclaim

Defendants Complaint alleges infringement arising under the Lanham Act, 15 U.S.C. §1051, et.

seq, and the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and

§1338. This court has supplemental jurisdiction under 28 U.S.C. §1367(a), over these other

claims, as they are so related to claims in the action within such original jurisdiction that they

form part of the same case or controversy under Article III of the United States Constitution.

Additionally, all or a substantial portion of the events giving rise to this claim occurred in Utah.

## **ALLEGATIONS OF FACT**

5.      Ferreira was employed in Utah by BBDI for over fifteen years.

6.      As of the time of filing, Ferreira is 62 years old.

7.      During the COVID-19 pandemic, Ferreira and other BBDI employees had their

pay reduced by 10%, even though BBDI received two loans under the Paycheck Protection

Program.

8.      In 2022, Ferreira was frequently asked questions by Barclay and other individuals

affiliated with BBDI, including Daniel Serna, related to his age. Such statements included

questioning Ferreira about when he would retire.

9.      Shortly thereafter, in October 2022, Barclay requested that Ferreira fly to

California.

10.      Upon his arrival to California and without warning, Ferreira was suddenly

terminated on October 27, 2022.

11.      After his wrongful termination, Ferreira opened an independent design firm in

Park City, Utah.

12.      Subsequently, Ferreira discovered that BBDI employees, including Emily Ayre

were making disparaging remarks to potential clients and industry partners of Ferreira asserting that Ferreira lacked ability and integrity in his profession.

## FIRST CAUSE OF ACTION
### (Defamation)

13.     Ferreira incorporates the allegations contained in paragraphs 1 through 12.

14.     Barclay and BBDI employees and, upon information and belief, continues to intentionally and/or recklessly make non-privileged false statements that damage Ferreira's reputation.

15.     As these false statements allege a lack of profession ability and integrity of Ferreira constitute defamation per se, and damage can be presumed from the words alone.

16.     Additionally, Ferreira suffered damage to his professional reputation and lost business opportunities as a result of these defamatory statements.

17.     In addition to nominal and general damages, Ferreira is entitled to punitive damages because Counterclaim Defendants' actions were willful, malicious, and intentionally fraudulent, and are of a significant character that greatly damage Ferreira's reptation.

## SECOND CAUSE OF ACTION
### (False Light)

18.     Ferreira's incorporates the allegations contained in paragraphs 1 through 17.

19.     Counterclaim Defendants' numerous oral and written public statements alleging lack of profession ability and integrity of Ferreira has placed Ferreira before the public in a false light.

20.     Due to the nature of the conduct alleged by Counterclaim Defendants, this false light is highly offensive to a reasonable person.

21.    Despite knowing or recklessly disregarding that these allegations were false, Counterclaim Defendants publicized their accusations and placed Ferreira in a false light.

22.    In addition to nominal and general damages, Ferreira is entitled to punitive damages because Counterclaim Defendants' actions were willful, malicious, and intentionally fraudulent, and are of a significant character that greatly damage Ferreira's reputation.

### THIRD CAUSE OF ACTION
**(Violation of the Utah Antidiscrimination Act-Utah Code Ann. § 34A-5-106)**

23.    Ferreira incorporates the allegations contained in paragraphs 1 through 22.

24.    The Utah Antidiscrimination Act (UADA), provides that an employer may not "discharge, demote, or terminate a person, or ... retaliate against ... a person otherwise qualified, because of ... age, if the individual is 40 years of age or older." Utah Code Ann. § 34A-5-106(1)(a)(i)(E).

25.    BBDI has more than 15 employees.

26.    In 2022, Counterclaim Defendants made remarks regarding Ferreiras's age, including questioning him about when he would retire.

27.    Counterclaim Defendants had no legitimate nondiscriminatory reason to Terminate Ferreira.

28.    Reasons provided for Ferreiras's termination, including participation in staging projects, were merely pretextual.

29.    Should Ferreira be found liable under any of the claims in Plaintiffs' Complaint, he is entitled to an offset of these damages in the amount of compensatory and punitive damages, because Counterclaim Defendants' actions were willful, malicious, and intentionally fraudulent, for the violation of Utah Code Ann. § 34A-5-106.

## **JURY DEMAND**

Ferreira demands a jury trial on all issues.


Dated this 5th day of October, 2023.

*/s/ Richard A. Kaplan*_____
Richard A. Kaplan
Brenden P. Hoffman
YOUNG HOFFMAN, LLC
*Attorneys for Mario Ferreira*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 5th day of October, 2023, I caused a true copy of the foregoing

**Defendant Mario Ferreira's Answer to Complaint and Counterclaim** to be served via email

and/or via the court's electronic filing system upon the following:

| | |
|---|---|
| Charles M.R. Vethan | Madeline Aller Hock |
| Joseph Lanza | David W. Tufts |
| cvethan@vethanlaw.com | madeline.aller@dentons.com |
| jlanza@vethanlaw.com | david.tufts@dentons.com |
| edocs@vethanlaw.com | DENTONS DURHAM JONES & PINEGAR, PC |
| VETHAN LAW FIRM, P.C. | 111 South Main Street, Suite 2400 |
| Two Memorial City Plaza | Post Office Box 4050 |
| 820 Gessner, Suite 1510 | Salt Lake City, UT 84110-4050 |
| Houston TX 77024 | *Attorneys for The Annex, LLC, dba Helm* |
| *Attorneys for Barclay Butera* | *Home* |
| *Development, Inc.; and Barclay Butera* | |

*/s/ Echo Peterson*
Echo Peterson