Karl R. Cannon (Utah State Bar No. 06508)
Email: kcannon@mocclaw.com
**MORRISS O'BRYANT COMPAGNI CANNON, PLLC**
4505 South Wasatch Boulevard, Suite 270
Salt Lake City, Utah 84124
Telephone: (801) 478-0071
Facsimile: (801) 478-0076

Charles M.R. Vethan (Pro Hac Vice Pending)
California Bar No. 300098
Email: cvethan@vethanlaw.com
Joseph L. Lanza (Pro Hac Vice Pending)
Texas Bar No. 00784447
Email: jlanza@vethanlaw.com
**VETHAN LAW FIRM, P.C.**
7755 Center Ave. 11th Floor
Huntington Beach, CA 92647
Telephone: (713) 526-2222
Facsimile: (713) 526-2230
Service email: edocs@vethanlaw.com

**Attorneys for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BARCLAY BUTERA DEVELOPMENT, INC.; BARCLAY BUTERA,<br><br>Plaintiffs,<br>v.<br><br>THE ANNEX, LLC, d/b/a HELM HOME; MARIO FERREIRA,<br><br>Defendants. | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT THE ANNEX, LLC D/B/A/ HELM HOME'S MOTION TO DISMISS**<br><br>Case No.: 2:23-CV-00633-HCN-JCB<br><br>Judge Howard C. Nielson Jr.<br>Magistrate Judge Jared C. Bennett |

TO THE HONORABLE JUDGE OF SAID COURT:

### I. INTRODUCTION AND BACKGROUND

Barclay Butera Development, Inc., Barclay Butera, Inc., and Barclay Butera, individually (collectively, "Butera"), filed suit against Mario Ferreira and The Annex, LLC d/b/a Helm Home ("Helm Home") for trademark infringement, unfair competition, false designation of origin, false advertising, conspiracy to commit breach of fiduciary duty, and appropriation of name or likeness. After transfer from the United States District Court, Central District of California, Helm Home filed its Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted. Butera files this Response.

1. Helm Home alleges several bases for dismissal of Butera's trademark infringement claims, specifically the following: :

   a. Butera failed to allege Helm Home used its mark in commerce;

   b. If the mark was used, it was used with the consent of Butera's agent Ferreira; and,

   c. Butera failed to allege that Helm Home made any public facing statements or representations that could potentially mislead customers, causing a likelihood of confusion; further, the failure to allege likelihood of confusion also defeats Butera's unfair competition claim.

2. Additionally, Helm Home appears to argue that a False Designation or Origin claim is available only for unregistered marks, and Butera has not alleged that any unregistered marks were used.

3. Helm Home also attacks Barclay Butera's False Advertising claim, arguing that Butera failed to allege that Helm Home made a false or misleading statement of fact in a commercial advertisement or promotion that is likely to deceive. Regarding that same claim, Helm Home also contends that Butera did not allege that Helm Home's deception has caused consumer to "withhold trade from Plaintiff."

4. Regarding Butera's conspiracy to breach fiduciary duty claim, Helm Home argues that Butera is estopped from denying Ferreira's actual or apparent authority, nor pleaded that Ferreira and Helm Home had a meeting of the minds.

5. Finally, Helm Home alleges that only Ferreria used Barclay Butera's likeness or image, requiring dismissal of the appropriation of name or likeness claim against Helm Home. As will be shown, Helm Home's motion should be denied in its entirety.

## II. ARGUMENT & AUTHORITY

### A. Rule 12(b)(6) Standard.

6. "Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain 'only enough facts to state a claim to relief that is plausible on its face.'" *Chilcoat v. San Juan Cnty*, 41 F.4th 1196, 1207 (10th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim is plausible when the complaint contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (citing *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "When assessing plausibility, a plaintiff's allegations are 'read in the context of the entire complaint.'" *Id*. (quoting *Ullery v. Bradley*, 949 F.3d 1282, 1288 (10th Cir. 2020). "Well-pleaded

factual allegations are accepted as true and considered in the light most favorable to the plaintiff." *Id.* (citing *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1285-86 (10th Cir. 2011)).

**B. Barclay Butera's complaint sufficiently alleges use in commerce and likelihood of confusion.**

7. The Complaint adequately describes Helm Home's role in the unauthorized use of Plaintiff's trademark. First, it states that Ferreira "… assisted Helm Home with various aspects of staging proposals, including client procurement, site visits, meticulous design review, submission of proposals, seamless execution, and payment collection. These activities were carried out during BBI's designated working hours, at BBI's expense, and without any legal consent or license to exploit the Butera, BBD, or BBI name." Compl. (Doc. 1), ¶ 23. The paragraph is clearly directed at Helm Home's activities. Helm Home prepared design proposals, submitted them to clients, executed the accepted proposals, and collected payment.

8. This activity is admitted by Helm Home in its motion to dismiss:

> Ferreria would send Helm Home pictures of the homes that needed to be staged, Helm Homes would prepare a staging bid and send it to Ferreira, and Ferreira would present the bid to the homeowner. If the homeowners accepted the bid, Helm Home would then proceed to stage the home with Helm's showroom furniture. Helm Home had no further involvement.

Mtn. to Dismiss (Doc. 43) (emphasis added). Thus, the Complaint alleges that Helm Home prepared bids and if accepted, staged the home thus providing interior design and branding services. Helm Home's Motion to Dismiss simply confirms this.

9. The Complaint further alleges that the staging proposals stated, "Staging Services Provided by: Helm in conjunction with Mario Ferreira at Barclay Butera" and "the Helm Home staging properties falsely stated that the staging designs would be finalized by M. Ferreira, giving

the false impression that these proposals had BBI's approval" and "…these designs were never shown to BBI or Mr. Butera." Compl. (Doc. 1), ¶ 25.

10. The Complaint further alleged, in the "Facts" section, that "…Mr. Ferreira utilized Butera's and BBD's name, logo, and his position to attach staging or furniture proposal to procure clients for Helm Home, intentionally misleading unsuspecting clients." Compl. (Doc. 1), ¶ 24. Then, in the "Causes of Action" section, the Complaint alleges, "Helm Home has falsely utilized both the Word and Design Marks to assert that the staging designs were finalized by BBI, when, in reality BBI had never been involved in reviewing or endorsing those staging designs." Compl. (Doc. 1), ¶ 38.

11. Finally, the Complaint alleges that, "… payments associated with these staging proposals were systematically collected by Helm Home through various methods, …" Compl. (Doc. 1), ¶ 25.

12. This factual content is sufficient to allow the court to draw a reasonable inference that Helm Home used Butera's marks in commerce in the realm of interior design and branding services, further, that its conduct is likely to cause confusion, and that it is therefore liable for the misconduct alleged. *See Chilcoat*, 41 F.4th at 1207. Helm Home provided staging services for customers, based on bids prepared by it, and charged for those services. Although Ferreira used Butera's marks in preparing the proposals, it was Helm Home who used the marks in its proposals and staging of properties. Finally, because the marks were not used under license from Butera, they were false and misleading to unsuspecting customers.

13. Thus, Plaintiffs' Complaint survives Helm Home's attacks on its Trademark Infringement, Unfair Competition, and False Designation of Origin (Counts 1, 4, 5, and 9).

## C. Apparent and actual authority are fact issues not appropriate for resolution at the pleadings stage of this lawsuit.

14. Helm Home contends that Butera is estopped from denying Ferreira's apparent or actual authority as its agent. Mtn. to Dismiss (Doc. 43), p. 7. Apparent or actual authority, however, are fact issues under Utah law. *Stein Eriksen Lodge Owners Ass'n v. Mx. Techs*, 2022 UT App. 30, 508 P.3d 138 (Utah App. 2022) (reversing summary judgment because a reasonable factfinder could have concluded that an events manager for corporation did not have actual or apparent authority to sign contracts for corporate conference at lodge).

15. In a case relied upon by Helm Home, *Burdick v. Horner Townsend & Kent, Inc.*, the Utah Supreme Court explained, "The doctrine of apparent authority has its roots in equitable estoppel. [I]t is founded on the idea that where one of two persons must suffer from the wrong of a third[,] the loss should fall on that one whose conduct created the circumstances which made the loss possible." 2015 UT 8, ¶ 21, 345 P.3d 531, 539 (cleaned up) (quoting *Luddington v. Bodenvest Ltd.*, 855 P.2d 204, 209 (Utah 1993)). The Court went on to explain that, "The authority of an agent is not ''apparent' merely because it looks so to the person with whom he deals,' but rather '[i]t is the principal who must cause third parties to believe that the agent is clothed with apparent authority.'" *Id*. (quoting *City Elec. v. Dean Evans Chrysler-Plymouth*, 672 P.2d 89, 90 (Utah 1983)). "A 'belief that results solely from the statements or other conduct of the agent, unsupported by any manifestations traceable to the principal, does not create apparent authority,' and '[a]n agent's success in misleading the third party as to the existence of actual authority does

not in itself make the principal accountable.'" *Id*. (quoting Restatement (Third) of Agency § 2.03 cmt. c (2006)).

16. Butera alleged that Ferreira was a "trusted senior executive at BBI for over 15 years, responsible for directing and managing BBI's operations in California and spearheading business development in Park City, Utah. Compl. (Doc. 1), ¶ 18. He was also the vice-president of sales. Compl., Exhibit 3 (Doc. 1-3). Those factual allegations do not, however, establish that Ferreira had apparent or actual authority to license Butera's marks, nor would it be reasonable for a "person of ordinary prudence, conversant with business usages and the nature of the particular business," to "be justified in presuming that such agent has authority to perform, on behalf of his principle, a particular act." Salesmen do not generally have authority over intellectual property; they sell—approval for the use of Butera's intellectual property would have required the consent of Barclay Butera himself.

17. Because apparent or actual authority is a fact issue, it is not an appropriate basis for granting a motion to dismiss because the outcome should be determined by a factfinder having heard all the evidence for and against apparent or actual authority. Thus, Helm Home's estoppel argument is misplaced at this stage of the litigation.

D. **Butera's complaint sufficiently alleges that Helm Home made a false or misleading statement of fact in a commercial advertisement or promotion that is likely to deceive**.

18. Butera's Complaint alleges that Helm Home made a false or misleading statement of fact in a commercial advertisement or promotion. "Staging" in the real estate and home furnishing industry refers to the practice of styling and furnishing a property for sale in such a way as to enhance its attractiveness to potential buyers. Home staging has steadily increased in

the last two decades and has become a significant trend in the real estate industry. This is, of course, "commercial advertising or promotion" in every sense of the word.

19. As Plaintiffs' complaint alleges, Ferreira assisted Helm Home with various aspects of staging proposals, not that Helm Home assisted Ferreira. *See* Complaint (Doc. 1), ¶ 23. Ferreira procured clients for Helm Home. Ferriera assisted Helm Home with site visits, design review, proposals submission to potential clients, execution, and collections. Most importantly, the Complaint alleges Helm Home, not Ferreira, did the staging. *Id*.

20. Home sellers, who would pay for Helm Home to stage their residence, relied on the staging proposals, which purported to be approved by "Mario Ferreria at Barclay Butera," presenting a false impression that Barclay Butera was the source of the staging.

21. Helm Home also alleges that Plaintiffs failed to allege that its deception caused consumers to "withhold trade from plaintiff." Mtn. to Dismiss (Doc. 43), p. 10. The allegation that home sellers purchased staging services from Helm Home instead of Barclay Butera is sufficient to support an inference that those sellers "withhold trade from plaintiff" in favor of Helm Home.

**E. Plaintiff has stated a claim for false designation of origin**.

22. Helm Home makes the odd argument that because Butera has not alleged the use of any unregistered marks by Helm Home, it has not stated a claim for false designation of origin. The argument appears to be premised on the idea that false designation or origin claims under 15 U.S.C. § 1125(a) apply only for unregistered marks.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT THE ANNEX, LLC D/B/A/ HELM HOME'S MOTION TO DISMISS**
**Page 8 of 13**

23. Butera did, however, plead the existence of unregistered, common-law marks, in its complaint. Compl. (Doc. 1), ¶¶ 77-84. Furthermore, § 1125(a) does not, by its own terms, limit itself to unregistered marks.

F. **Plaintiffs have sufficiently alleged a "meeting of the minds" on its conspiracy to breach fiduciary duty claim**.

24. "It is not necessary in a civil conspiracy action to prove that the parties actually came together and entered into a formal agreement to do the acts complained of by direct evidence." *Israel Pagan Estate v. Cannon*, 746 P.2d 785, 791 (Utah Ct. App. 1987) "Instead, conspiracy may be inferred from circumstantial evidence, including the nature of the act done, the relations of the parties, and the interests of the alleged conspirators." *Id*. "To prove conspiracy to defraud by circumstantial evidence, though, 'there must be substantial proof of circumstances from which it reasonably follows, or at least may be reasonably inferred, that the conspiracy existed. It cannot be established by conjecture and speculation alone.'" *Id*.

25. Butera's Complaint alleges, "…Mr. Ferreira established a connection with Helm Home, offering them highly sought-after branding services and legitimacy through the use of the Barclay Butera trademarked name. This partnership aimed to showcase Helm Home's interior and staging designs to clients they had previously been unable to reach, which also purportedly promoting the BBI brand in Utah." Compl. (Doc. 1), ¶ 21. Plaintiff also described the purpose of the 'partnership,' to assist Helm Home with staging proposals, client acquisition, site visits, design review, submission of proposals, execution of staging projects, and collections. Complaint (Doc. 1), ¶ 23. Staging proposals included the statement, "Staging Services Provided by: Helm home in conjunction with Mario Ferreira at Barclay Butera." Complaint (Doc. 1), ¶ 24.

26. The Court may infer that from these facts Ferreira and Helm Home had a meeting of the minds that Ferreira would use his position at Helm Home to stage homes using Helm Home under the Barclay Butera name and marks without Barclay Butera's knowledge. Such an inference supports a meeting of the minds to breach the duty Ferreira owed his employer. Plaintiffs' Complaint provides ample evidence of this conspiracy, making the claim grounded in factual allegation, rather than speculative in nature.

### G. The Complaint sufficiently alleges that Helm Home used Barclay Butera's name or likeness for its benefit.

27. Helm Home contends that Butera alleges only that Ferreira used Butera's name and likeness; not Helm Home. Defendant further argues that the statement that Helm Home is conclusory and unsupported by facts. Mtn. to Dismiss (doc. 43), p. 11-12.

28. Butera alleged that Helm Home's proposals included the statement, "Staging Services Provided by: Helm home in conjunction with Mario Ferreira at Barclay Butera." Complaint (Doc. 1), ¶ 24. Butera also alleged that Ferreira attached Butera's name and logo to staging and staging proposals, and that it received payment on said proposals that were accepted by home sellers. Complaint (Doc. 1), ¶¶ 24, 26. Thus, Butera has alleged Helm Home used its name and likeness to its benefit. Alternatively, the facts as pled allow the Court to infer that Helm Home used its name and likeness to its benefit.

### H. Request for Leave to Amend.

29. After a motion to dismiss has been filed, "a party may amend the party's [complaint] only by leave of court or by written consent of the adverse party." Dahn v. United States, No. 93-C-953, 1996 U.S. Dist. LEXIS 13713, D. Utah Aug. 30, 1996) (quoting Fed. R. Civ. P. 15(b)). If

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT THE ANNEX, LLC D/B/A/ HELM HOME'S MOTION TO DISMISS**
**Page 10 of 13**

a party moves for leave to amend "leave shall be freely given when justice so requires." Id.  Courts refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Id. (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

30. If the Court is inclined to grant Helm Home's motion to dismiss, Plaintiffs respectfully request leave to amend their complaint. Plaintiffs propose the following amendments:

1. State additional facts explaining what "staging" is to provide background context to the Complaint's allegations.
2. State additional facts showing that Helm Home knew Ferreira did not have authority to license Butera's trademarks or use his name or likeness.
3. State additional facts showing that Helm Home used the marks in commerce when it used the marks as part of its staging proposals and staging.
4. State additional facts showing that Ferreria did not have apparent authority to license the use of Butera's trademarks, name, or likeness.
5. State additional facts showing that Helm Home made public facing statements or representations that could mislead or did mislead consumers.
6. State additional facts showing that Helm Home's use of Butera's marks, name, and likeness, caused confusion or was likely to cause confusion.
7. State additional facts showing that Helm home made a false or misleading statement of fact in a commercial advertisement or promotion that is likely to deceive.
8. State additional facts showing that Helm Home's deception has caused consumers to "withhold trade" from Butera.

9. State additional facts showing that there was a meeting of the minds between Ferreira and Helm Home to breach Ferreira's breach of fiduciary duty to Butera.

10. State additional facts showing that Helm Home used Butera's name or likeness for its own benefit.

11. State any other additional facts the Court identifies in its ruling on the motion to dismiss as required to make the Complaint sufficient.

31. Plaintiff requests 14 days to complete the amended complaint and file it. There has been no undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

### III. PRAYER

32. Because Butera has shown that its Complaint sufficiently alleges facts supporting its claim, Butera respectfully requests that this Court deny Helm Home's motion to dismiss. Alternatively, should the court be inclined to grant the motion on some or all grounds, Butera respectfully requests leave to amend its complaint to cure the deficiencies.

DATED this 10th day of November, 2023.

Respectfully submitted,

By: */s/ Karl R. Cannon*
Karl R. Cannon
*Attorneys for Plaintiffs*

By: /s/ Joseph L. Lanza
Joseph L. Lanza
(Pro Hac Vice Pending)
*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that a true and correct of copy of this instrument was served on all parties, represented through counsel or *pro se*, through ECF, email and/or Certified Mail, pursuant to the Federal Rules of Civil Procedure, on this 10th day of November 2023, as follows:

Trevor J. Lee
Email: trevor@hlhparkcity.com
**HOGGAN LEE HUTCHINSON**
1225 Deer Valley Drive, Suite 201
Park City, Utah 84060
Salt Lake City, UT 84111
Telephone: (435) 615-2264

Richard A. Kaplan
Email: rkaplan@yahlaw.com
**ANDERSON & KARRENBERG**
50 W. Broadway, Suite 600
Salt Lake City, UT 84101
Telephone: 801-534-1700

*Attorneys for Defendant Mario Ferreira*


Madeline Aller Hock
Email: Madeline.aller@dentons.com
David W. Tufts
Email: david.tufts@dentons.com
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 So. Main St., Suite 2400
Salt Lake City, Utah 84111
Tel: (801) 415-3000

*Attorneys for Defendant*
*THE ANNEX, LLC d/b/a HELM HOME*


            By: /s/ Karl R. Cannon
              Karl R. Cannon

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT THE ANNEX, LLC D/B/A/ HELM HOME'S MOTION TO DISMISS**
**Page 13 of 13**