Larry R. Laycock (4743)
larry.laycock@dentons.com
David B. Nielson (16531)
david.nielson@dentons.com
Madeline A. Hock (16770)
madeline.hock@dentons.com
Landon T. Laycock (17259)
landon.laycock@dentons.com
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

*Attorneys for Defendant The Annex, LLC d/b/a Helm Home*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BARCLAY BUTERA DEVELOPMENT INC. *et al*, <br><br> Plaintiffs, <br><br> vs. <br><br> THE ANNEX, LLC, d/b/a HELM HOME *et al*,. <br><br> Defendants. | **DEFENDANT HELM HOME'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** <br><br> Civil No. 2:23-CV-00633-HCN-JCB <br><br> Judge Howard C. Nielson, Jr. |

Defendant The Annex, LLC d/b/a Helm Home ("Helm Home"), by and through its undersigned counsel, hereby responds to Plaintiffs Barclay Butera Development, Inc.'s, Barclay Butera, Inc.'s, and Barclay Butera's (collectively "Plaintiffs" or "Barclay") Memorandum in Opposition to Helm Home's Motion to Dismiss (the "Motion").

## **ARGUMENT**

The Complaint establishes the following facts:

1. Ferreira was "a trusted senior executive at BBI for over 15 years, responsible for directing and managing BBI's operations in California and spearheading business development in Park City, Utah". Complaint, ¶ 18.

2. "Ferreira directly engaged with prospective staging clients, using Mr. Butera's name, BBD's logo, and BBI's email platform". Complaint, ¶ 24.

3. At Ferreira's request, Helm Home provided certain staging services. Complaint, ¶ 21-25.

4. The staging services were poised as "Staging Services Provided by: Helm Home in conjunction with Mario Ferreira at Barclay Butera." Complaint, ¶ 25.

The Complaint, however, fails to allege facts sufficient to allow the Court to draw a reasonable inference that: (1) Helm Home *knew* Ferreira did not have authority to provide staging services on behalf of Plaintiffs in conjunction with Helm Home; (2) Helm Home used Plaintiffs' marks, name, or likeness; (3) Helm Home mislead customers or caused confusion. Plaintiffs do not so much as allege that Helm Home directly interacted with the prospective clients. Plaintiffs seemingly concede as much in their request to amend the Complaint. Opp., pp. 11-12. These failures are among others highlighted in the Motion. Thus, Plaintiffs have failed to state a claim against Helm Home.

1

I.      **The Complaint Establishes that Ferreira is Plaintiffs' Agent**

Plaintiffs contend that it is a fact issue whether or not Ferreira acted with apparent or actual authority as Barclay's agent. Opp., pp. 6-7. There are certainly instances when agent authority is a question of fact to be determined by a factfinder, however, this is not such an instance. The Complaint already alleges the facts necessary to reach the conclusion that Ferreira acted with either apparent or actual authority as Plaintiffs' agent. The Complaint alleges Ferreira was "a trusted senior executive at BBI for over 15 years, responsible for directing and managing BBI's operations in California and spearheading business development in Park City, Utah". Complaint, ¶ 18. Ferreira's Barclay company email signature even identified him as "Director of Business Development". *See* Complaint, Exh. 4. There is not an *issue* of fact here, rather, the fact is already established by the Complaint itself. Thus, there is no question that Plaintiffs' "clothed [Ferreira] with apparent authority." *Burdick v. Horner Townsend & Kent, Inc.*, 2015 UT 8, ¶ 22, 345 P.3d 531. Plaintiffs try to downplay Ferreira role by now referring to him as a "salesman." Opp., p. 7. But the Complaint already establishes, without equivocation, that Plaintiffs' held Ferreira out as an authorized agent and the Director of Business Development.

The facts as they relate to Ferreira and Plaintiff are pointedly different from *Stein Eriksen Lodge Owners Ass'n v. Mx. Techs,* cited by Plaintiffs. 2022 UT App. 30, 508 P.3d 138. In that case, there was question as to an Events Manager's actual or apparent authority to make a payment over $20,000 without approval by the Chief Financial Officer. *Id.* at ¶ 9. Here, Plaintiffs have already admitted through affirmative allegation the facts necessary to conclude that Helm Home was justified in presuming that Ferreira had authority as Barclay's senior executive and Director of Business Development. Thus, based on the admissions and affirmative allegations in

2

the Complaint, Helm Home was justified in presuming that Ferreira had authority to perform on behalf of Plaintiffs.

II. **Plaintiffs Have Not Stated a Claim for Trademark Infringement, Unfair Competition, or False Designation of Origin**

The central elements for trademark infringement, unfair competition, and false designation of origin include (1) unauthorized use of a mark and (2) likelihood of consumer confusion. *SanMedica Int'l, LLC v. Amazon.com, Inc.*, No. 2:13-CV-00169-DN, 2016 WL 527055, at *5 (D. Utah Jan. 20, 2016) (stating elements required to establish claim of trademark infringement); *Siskin Enterprises, Inc. v. DFTAR, LLC*, No. 2:20-CV-00304-JNP, 2021 WL 734955, at *3 (D. Utah Feb. 25, 2021)(identifying the basis for claim of unfair competition); *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1238 (10th Cir. 2013) (asserting elements of claim for false designation of origin). Plaintiffs have failed to allege sufficient facts to establish either of these elements.

First, Barclay does not even so much as make a conclusory allegation that Helm Home used Barclay's mark in commerce. Barclay only asserts that "Mr. Ferreira directly engaged with prospective staging clients, using Mr. Butera's name, BBD's logo, and BBI's email platform. He presented himself as the Barclay Butera Director of Business Development." (Complaint, ¶ 24). There is no factual allegation that Helm Home ever used the marks in commerce. Rather, Barclay makes the conclusory assertion that "Helm Home, has unlawfully appropriated both the Word and Design Marks without obtaining the necessary consent" (Complaint, ¶ 38), without providing any facts to support the conclusion. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual

3

allegation.") (emphasis added). As alleged in the Complaint, even if Helm Home used Plaintiffs' marks, it would have been pursuant to Ferreira's instruction, direction and consent as Plaintiffs' agent.

Second, Plaintiffs do not allege sufficient facts for this court to draw a reasonable conclusion that Helm Home's actions were likely to cause consumer confusion. Plaintiffs' contend that the staging proposals gave the "false impression that these proposals had BBI's approval", but this was not a "false impression". Rather, by admission, Plaintiffs,' senior executive and director of business development gave approval. Ferreira reviewed and endorsed the staging designs. Complaint, ¶ 23. Importantly, it was really Ferreira who procured the clients, visited the sites, reviewed the designs, submitted proposals, executed the staging, and collected payment. *Id.* As pled, the Complaint fails to even allege that Helm Home interacted directly with any clients.

Accordingly, Plaintiffs' claims for trademark infringement, unfair competition, and false designation of origin against Helm Home fail as a matter of law.

### III. Plaintiffs Have Not Stated a Claim for False Advertising under Section 43(a) of the Lanham Act

Plaintiffs contend that the staging services Helm Home provided were "advertisements". Plaintiffs further contend that the "false impression" was derived from the facts that the staging proposal were purportedly "approved by 'Mario Ferreira at Barclay Butera'". Opp., p. 8. As alleged, that is exactly what happened and is not "false". The Complaint alleges that "Mr. Ferreira's assisted Helm Home with various aspects of staging proposals, including client procurement, site visits, meticulous design review, submission of proposals, seamless execution, and payment collection." Complaint, ¶ 23. Plaintiffs seem to ask this Court to draw the

4

conclusion that the representation that Ferreira would review the proposals led consumers to believe that Plaintiffs would also review the proposals. That is not a reasonable conclusion, nor was that represented to consumers. The Complaint does not even allege as much. Moreover, if this were a false representation, as alleged, it was only a false representation made by Ferriera, not Helm Home. Complaint, ¶ 24.

Accordingly, Plaintiffs have failed to state a claim for false advertising against Helm Home.

### IV. <u>Plaintiffs Have Not Stated a Claim for Conspiracy to Commit Breach of Fiduciary Duty</u>

In opposition to the Motion, Plaintiffs assert that "Ferreira and Helm Home had a meeting of the minds that Ferriera would use his position at [Barclay] to stage homes using Helm Home under the Barclay Butera name and marks without Barclay Butera's knowledge." Opp., p. 10. Plaintiffs have not alleged any facts to indicate that Helm Home understood Ferriera to be acting outside of his authority as Plaintiffs' agent. *See Burdick,* 2015 UT 8, ¶ 21. The Complaint also does not allege that Helm Home knew Ferriera was acting without Plaintiffs' knowledge. Thus, Plaintiffs have not alleged a "meeting of the minds" as required for a claim of conspiracy to commit breach of fiduciary duty. *Harvey v. Ute Indian Tribe of the Uintah & Ouray Reservation,* 2017 UT 75, ¶ 70. This claim against Helm Home should be dismissed as wholly unsupported.

### V. <u>Plaintiffs Have Not Stated a Claim for Appropriation of Name or Likeness</u>

The Complaint does not allege that Helm Home used its name and/or likeness for its own benefit. Rather, Plaintiffs allege that Ferreira improperly used Barclay's name and/or likeness. (Complaint, ¶ 22 ("Mr. Ferreira shamelessly misappropriated Butera's and BBD's trademarked

5

name and logo")). Plaintiffs now assert that the statement in the staging proposals which provides: "Staging Services Provided by: Helm home in conjunction with Mario Ferreira at Barclay Butera" was a use of Plaintiffs' name. Opp., p. 10. This statement only asserts that Helm Home was working in conjunction with Ferreira, who works for Plaintiffs. And, the Complaint confirms the same. The Complaint also confirms that Mario Ferreira was working for Plaintiffs (as director of business development) at the time. Complaint, ¶ 19. The Complaint (and the staging proposal) do not assert facts sufficient for this Court to reasonably conclude that Helm Home used Plaintiffs' name or likeness, as required to properly state a claim. *Mitchell v. Wells Fargo Bank*, 355 F. Supp. 3d 1136, 1155 (D. Utah 2018). Accordingly, Plaintiffs do not adequately state a claim for appropriation of name or likeness against Helm Home.

## **CONCLUSION**

Based on the foregoing, Helm Home respectfully requests that it be dismissed from the Complaint as a matter of law because Plaintiffs have failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6) against defendant Helm Home. Helm Home further requests that Plaintiffs not be given leave to amend their complaint as any attempt to remedy the deficiencies in the causes of action would be futile.

DATED: November 22, 2023.

UC_6495011.3

**DENTONS DURHAM JONES PINEGAR, P.C.**

*/s/ Madeline A. Hock*
Larry R. Laycock
David B. Nielson
Madeline A. Hock
Landon T. Laycock
*Attorneys for Defendant The Annex, LLC d/b/a Helm Home*

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2023 the foregoing was filed with the Court and served upon all counsel of record via email and/or via the court's electronic filing system.

Charles M.R. Vethan
Joseph Lanza
cvethan@vethanlaw.com
jlanza@vethanlaw.com
edocs@vethanlaw.com
VETHAN LAW FIRM, P.C.
Two Memorial City Plaza
820 Gessner, Suite 1510
Houston TX 77024
*Attorneys for Barclay Butera Development, Inc.; and Barclay Butera*

Richard A. Kaplan
Brenden P. Hoffman
rkaplan@yahlaw.com
brendenhoffman@yahlaw.com
YOUNG HOFFMAN, LLC
175 South Main Street, Suite 850
Salt Lake City, UT 84111
*Attorneys for Mario Ferreira*

                                                              */s/ Angie Stettler*

7

UC_6495011.3